IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAS TANNER, § | | |
| aka CAS SANDRA YOUNG-TANNER, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 3:11-CV-1004-L (BK) | |
| § | | |
| AURORA LOAN SERVICE, § | | |
| Defendant. § | | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for screening. For the reasons set out below, it is recommended that this case be dismissed for want of prosecution.

### I. BACKGROUND

Plaintiff, Cas Tanner AKA Cas Sandra Young-Tanner,[1] a resident of Dallas, Texas, filed a *pro se* complaint against Aurora Loan Service. On May 20, 2011, the Court issued a deficiency order requiring Plaintiff to pay the $350.00 filing fee or submit a motion to proceed *in forma pauperis* by June 17, 2011. (Doc. 6.) The Court also issued a questionnaire which required her, by the same date, to provide information about the claims alleged in the complaint. (Doc. 7.) As of the date of this recommendation, Plaintiff has not responded to the Court's deficiency order and/or questionnaire, nor has she sought an extension of time to do so.

### II. ANALYSIS

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action

---

[1] The Court's records reflect that Plaintiff has filed cases under the name of Cas Tanner as well as Cas Sandra Young-Tanner.

*sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has been given ample opportunity to respond to the Court's deficiency order and questionnaire. She has impliedly refused or declined to do so. Therefore, this action should be dismissed without prejudice for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[2]

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** this action without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

SIGNED July 15, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] It is unclear whether the higher standard for dismissal with prejudice for want of prosecution would be applicable in this case. *See Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985). Absent Plaintiff's answers to the questionnaire, the Court cannot determine when the events at issue in the complaint occurred.

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE